UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| J & J Sports Productions, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:11-cv-02430-JFA |
| | ) | |
| -vs- | ) | |
| | ) | |
| Papercut, LLC d/b/a Green Room | ) | |
| Entertainment a/k/a Headliners | ) | |
| a/k/a Element Nightlife, David | ) | **ANSWER, COUNTERCLAIMS, AND** |
| Britt and Josh Lehew, | ) | **THIRD PARTY COMPLAINT OF** |
| | ) | **PAPERCUT, LLC AND JOSH LEHEW** |
| Defendants, of which Papercut, | ) | |
| LLC and Josh Lehew are Third | ) | |
| Party Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Time Warner Cable, Inc., Time | ) | |
| Warner Cable I, LLC, Time Warner | ) | |
| Cable Media, Inc., Time Warner | ) | |
| Entertainment Company, L.P., | ) | |
| Tsunami of Gervais, LLC and | ) | |
| Tsunami of Columbia, LLC, | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| _____ | ) | |

  **COMES NOW THE DEFENDANTS**, Papercut, LLC and Josh Lehew, by and through

undersigned counsel, who would show unto the Court as follows:

<u>**ANSWER TO COMPLAINT**</u>

<u>**FOR A FIRST DEFENSE - DENIAL**</u>

1. Paragraph 1 of Plaintiff's Complaint is a legal conclusion that does not require a

responsive pleading from these Defendants.  To the extent a responsive pleading is required

Defendants deny the allegations as stated.

2.      Paragraph 2 of Plaintiff's Complaint is a legal conclusion that does not require a responsive pleading from these Defendants.  To the extent a responsive pleading is required Defendants deny the allegations as stated.

3.      Paragraph 3 of Plaintiff's Complaint is a legal conclusion which does not require a responsive pleading from these Defendants.  To the extent a responsive pleading is required, these Defendants do not contest the Court's personal jurisdiction over them.

4.      Paragraph 4 of Plaintiff's Complaint is a legal conclusion which does not require a responsive pleading from these Defendants.  To the extent a responsive pleading is required these Defendants do not contest venue in this Court.

5.      These Defendants are without sufficient knowledge or information to form an opinion as to the allegations of Paragraph 5 and therefore these Defendants deny these allegations and demand strict proof.

6.      These Defendants admit so much of Paragraph 6 as alleges that Papercut, LLC was a limited liability company organized under the laws of the State of South Carolina and doing business as Headliners and Element Nightlife at 700B Gervais Street, Columbia, SC 29201.  The remainder of the allegations of Paragraph 6 are denied as written.

7.      These Defendants deny the allegations of Paragraph 7 in their entirety.

8.      These Defendants deny the allegations of Paragraph 8 in their entirety.

9.      These Defendants deny the allegations of Paragraph 9 in their entirety.

10.      These Defendants deny the allegations of Paragraph 10 in their entirety.

11.      In response to Paragraph 11 of Plaintiff's Complaint these Defendants would incorporate by reference the defenses asserted above and below.

12.    These Defendants are without sufficient knowledge or information to form an opinion as to the allegations of Paragraphs 12, 13 and 14 and therefore deny these allegations and demand strict proof.

13.    These Defendants deny the allegations of Paragraphs 15, 16, 17 and 18 in their entirety.

14.    The allegations of Paragraph 19 are legal conclusions that do not require a responsive pleading from these Defendants.    To the extent a responsive pleading is required these Defendants deny the allegations of Paragraph 19 and demand strict proof.

15.    These Defendants deny the allegations of Paragraph 20 in its entirety.

16.    The allegations of Paragraph 21 are legal conclusions that do not require a responsive pleading from these Defendants.    To the extent a responsive pleading is required these Defendants deny the allegations of Paragraph 21 and demand strict proof.

17.    The allegations of Paragraph 22 are legal conclusions that do not require a responsive pleading from these Defendants.    To the extent a responsive pleading is required these Defendants deny the allegations of Paragraph 22 and demand strict proof.

18.    In response to Paragraph 23 of Plaintiff's Complaint these Defendants would incorporate by reference the defenses asserted above and below.

19.    The allegations of Paragraph 24 are legal conclusions that do not require a responsive pleading from these Defendants.    To the extent a responsive pleading is required these Defendants deny the allegations of Paragraph 24 and demand strict proof.

20.    These Defendants deny the allegations of Paragraph 25, 26 and 27 in their entirety.

21.    In response to Paragraph 28 of Plaintiff's Complaint these Defendants would incorporate by reference the defenses asserted above and below.

22.    These Defendants deny the allegations of Paragraphs 29, 30 and 31 in their entirety.

## FOR A SECOND DEFENSE

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

23.    Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and applicable case law.  Plaintiff's Complaint fails to allege facts sufficient to prove a cause of action against the Defendant, Josh Lehew.  More specifically, there are no factual allegations and/or insufficient factual allegations of any wrong doing against Lehew which would allow this Court to pierce the corporate veil thereby permitting Plaintiff to pursue Josh Lehew individually.  Instead, Plaintiff has made merely made legal conclusions without specific factual allegations against this Defendant which are insufficiently pleaded pursuant to recent Supreme Court case law.  Accordingly, this Court should dismiss Plaintiffs Complaint against Josh Lehew individually.

## FOR A THIRD DEFENSE

## CORPORATE VEIL

24.    At all times relevant to this action, Josh Lehew was acting as an agent and/or employee of Defendant, Papercut, LLC.  Any unauthorized broadcast (which Defendants expressly deny) would have been on televisions owned and operated by Papercut, LLC.  Lehew pleads the corporate veil as a complete and total defense to this action against him individually.

## FOR A FOURTH DEFENSE

## STATUTE OF LIMITATIONS/LACHES

25.    Defendants, Papercut and Lehew would show that Plaintiff has failed to commence its action within the applicable statute of limitations and therefore its claim is barred by the applicable statute of limitations and/or equitable doctrine of laches.

## FOR FURTHER DEFENSES, COUNTERCLAIMS AND BY WAY OF A THIRD PARTY

## COMPLAINT AGAINST THE THIRD PARTY DEFENDANTS

Defendants, Papercut, LLC and Josh Lehew make the following allegations in support of their further defenses, Counterclaims and Third Party Complaint:

26. Defendants re-allege the above allegations by reference as if repeated herein verbatim.

## ADDITIONAL PARTIES

27. On information and belief, Time Warner Cable, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located outside the state of South Carolina.

28. On information and belief, Time Warner Cable, I, LLC is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located outside the state of South Carolina.

29. On information and belief, Time Warner Cable Media, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located outside the state of South Carolina.

30. On information and belief, Time Warner Entertainment Company, L.P. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located outside the state of South Carolina.

31. Collectively these four entities are referred to as Time Warner and are doing business in South Carolina under the trade name Time Warner and/or Time Warner Cable.

32. On information and belief, Tsunami of Gervais, LLC is a limited liability company organized and existing under the laws of the state of South Carolina with its principal place of business located in South Carolina.

33.    On information and belief, Tsunami of Columbia, LLC is a limited liability company organized and existing under the laws of the state of South Carolina with its principal place of business located in South Carolina.

34.    These two Defendants are referred to collectively as Tsunami and do business under the trade name Tsunami, a restaurant and bar located on Gervais Street in Columbia, South Carolina.

## JURISDICTION AND VENUE

35.    Plaintiff's Complaint raises federal questions and therefore this Court has supplemental jurisdiction over these claims.

36.    Venue is proper because all of the events giving rise to this lawsuit occurred in or around Columbia, South Carolina.

## FACTUAL ALLEGATIONS

37.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

38.    On or about October of 2006 Papercut, LLC opened two bars, Headliners and Element Nightlife.

39.    Headliners featured live music but had no televisions or internet access through the duration of its existence.

40.    Element Nightlife was a dance club that had two small televisions.

41.    In addition, when Papercut, LLC opened Headliners and Element Nightlife it maintained cable television and internet access through Time Warner Cable's "business class" cable.

42.    At some point after Headliners and Element Nightlife opened the Tsunami Defendants opened a separate bar and restaurant in the same building as Headliners and Element Nightlife.

43.     As part of the remodeling for Tsunami the Tsunami Defendants damaged cable equipment in the building which disabled Papercut's internet and television access that had been maintained by the Time Warner Defendants.

44.     Papercut, through its agents and/or employees immediately contacted Time Warner because at that time they did not know the reason that their cable and internet had been disrupted.

45.     Upon inspection by agents and/or employees of Time Warner it was determined that during the renovations by Tsunami, contractors and/or repairmen damaged cable lines and/or other cable equipment.

46.     At that time, agents and employees of Time Warner could not fix the damage without considerable expense to them.

47.     The Time Warner Defendants, through their agents and/or employees, advised Papercut that they could not fix the problem economically so Papercut and its businesses Headlines and Element would have basic cable only but would not have other cable features such as internet, high definition cable and other features that had previously been a part of the "business class" of service Papercut had enjoyed.

48.     Because of the disruption in service and inconvenience and because Element Nightlife had only two small televisions, agents and/or employees of Time Warner told Papercut to simply use the cable without charge.

49.     On information and belief, and for reasons unknown to Papercut and Lehew, Tsunami was able to receive and did in fact receive cable services along the lines of the "business class" services previously enjoyed by Papercut.

50.     Thereafter and for the next several months when someone at Tsunami ordered a pay per view event through Time Warner it could be viewed on the two small televisions in Element

Nightlife. In fact, on numerous occasions and late in the evening apparently someone at Tsunami was ordering adult videos and it became a common joke at Papercut and Element Nightlife to see if someone at Tsunami was downloading adult videos through Time Warner.

51.    In short, whenever Tsunami ordered a pay per view show Time Warner would broadcast that not only to Tsunami but to the other businesses in the building including Papercut and Element Nightlife.

52.    At no time did anyone on behalf of Plaintiff, the Time Warner Defendants or anyone acting on their behalf express any concern or objection to Papercut receiving cable related services in the manner described above. In fact, Papercut had been told to do exactly what it did.

## FOR A FIFTH DEFENSE

### CONSENT

53.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

54.    By virtue of the "individual contracts" "Plaintiff entered into" with the Time Warner (Plaintiff's Complaint, paragraph 13) and by virtue of the fact that Time Warner was "a commercial distributor" of the Mayweather v. Marquez fight (Plaintiff's Complaint, paragraph 14) as well as by other factors which may be learned in discovery and/or proven at trial, Time Warner acted as agent for the Plaintiff.

55.    As outlined and pleaded more fully above, Time Warner gave its express consent to Papercut's action and Defendants plead consent as a complete and total bar to Plaintiff's claims against them.

## FOR A SIXTH DEFENSE

### WAIVER

56.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

57.    As outlined and pleaded more fully above, Time Warner cable acted as an agent for the Plaintiff.

58.    By its actions, words, and conduct (as outlined and pleaded more fully above), Time Warner Cable waived any right the Plaintiff might have against Defendants Papercut and Lehew and these Defendants plead the doctrine of waiver as a complete and total bar to Plaintiff's action.

## FOR A SEVENTH DEFENSE

## EQUITABLE ESTOPPEL

59.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

60.    As outlined and pleaded more fully above, Time Warner cable acted as an agent for the Plaintiff.

61.    As outlined and pleaded more fully above, Time Warner, in the course and scope of its agency for Plaintiff, conducted what amounted to false representations in that it told Papercut and Lehew that they could use two small televisions to view cable television shows.

62.    Plaintiff and Time Warner intended that Defendants act upon these representations.

63.    These Defendants acted in reliance of Time Warner's representation.

64.    These Defendants plead the doctrine of equitable estoppel as a complete and total bar to Plaintiff's action.

## FOR AN EIGHTH DEFENSE

## UNCLEAN HANDS

65.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

66.     As outlined and pleaded more fully above and below, Plaintiff comes to the Court with unclean hands.  These Defendants plead the unclean hands doctrine as a complete and total bar to Plaintiff's claims.

## BY WAY OF A COUNTERCLAIM AND THIRD PARTY COMPLAINT AGAINST THE PLAINTIFF AND TIME WARNER DEFENDANTS

## CIVIL CONSPIRACY

67.     Defendants re-allege the above allegations by reference as if repeated herein verbatim.

68.     Plaintiff and Time Warner conspired for the purpose of injuring the Defendants, Papercut and Lehew.

69.     More specifically, Plaintiff knew or reasonably should have known of the arrangement with Papercut concerning cable television that is described and pleaded more fully above.

70.     Nonetheless, Plaintiff and Time Warner conspired and planned to have the Mayweather v. Marquez broadcast at Element Nightlife, only years later to complain that Papercut's showing was unauthorized.

71.     In addition and separate and apart from the Mayweather v. Marquez fight, these Defendants conspired to injure Papercut by depriving them of the original "business class" television and internet services they had enjoyed prior to the Mayweather v. Marquez fight.

72.     As a direct and proximate result of Plaintiff and Time Warner's conspiracy, Papercut and Lehew have suffered damages.

73.     More specifically and as alleged and pleaded above, Papercut and Lehew were deprived of Time Warner's "business class" of service for cable television and internet access; have been subjected to liability and have suffered such additional and further damages as may be proven at trial.

74.     Papercut and Lehew hereby make demand against Plaintiff and Time Warner and seek all damages allowed by law.

## **FOR A SECOND CAUSE OF ACTION AGAINST TIME WARNER**

## **NEGLIGENCE**

75.     Defendants re-allege the above allegations by reference as if repeated herein verbatim.

76.     Time Warner Cable had a duty to act with reasonable and due care with regard to the installation, maintenance and service of cable television and related internet services at Papercut's business location.

77.     Moreover, as an agent for the Plaintiff, Time Warner had a duty to truthfully and accurately advice customers including Papercut and Lehew regarding their lawful use of cable related programming and access to events, shows and movies including but not limited to the Mayweather v. Marquez fight.

78.     Time Warner breached these duties in one or more of the following particulars:

A.     In failing to maintain cable lines and cable services;

B.     In failing to properly, completely, truthfully and accurately advise Papercut and Lehew on programming that could be viewed;

C.     In failing to properly, completely, truthfully and accurately advice Plaintiff of Papercut's and Lehew arrangement with Time Warner for use of cable;

D.     In such additional and further particulars as may be learned through discovery and/or proven at trial.

79.     As a direct and proximate result of Time Warner's negligence, Papercut and Lehew have suffered damages.

80.     More specifically, Papercut and Lehew were without use of cable television.

81.    Additionally, if liability is found against Papercut and/or Lehew (liability again being specifically denied) these Defendants would show that Time Warner is liable to them for all damages including costs and attorneys' fees.

## FOR A THIRD CAUSE OF ACTION AGAINST TSUNAMI

## NEGLIGENCE

82.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

83.    In performing construction and renovations inside a building that also maintained business for Papercut and Lehew, Tsunami had a duty to act with reasonable and due care with regard to the construction and renovations it was performing.

84.    More specifically, Tsunami had a duty to use reasonable and due care so as not to interfere with Papercut and/or Lehew's peaceful enjoyment of their property and not to damage equipment in the building including cable lines and other cable equipment common to the building and relied upon by Papercut and/or Lehew.

85.    Tsunami breached these duties in one or more of the following particulars:

A.    In failing to perform construction and/or renovations in manner that was reasonable and did not damage property common to and relied upon by others in the building including Papercut and/or Lehew;

B.    In performing construction and/or renovations in an un-workman like manner;

C.    In performing construction and/or renovations in such a reckless manner so as to interfere with Papercut and Lehew's use and enjoyment of the property;

D.    In such additional and further particulars as may be learned through discovery and/or proven at trial.

86.    As a direct and proximate result of Tsunami's negligence, Papercut and Lehew have suffered damages.

87.    More specifically, Papercut and Lehew were without use of cable television and other cable related services.

88.    Additionally, if liability is found against Papercut and/or Lehew (liability again being specifically denied) these Defendants would show that Tsumani is liable to them for all damages including costs and attorneys' fees.

## FOR A FOURTH CAUSE OF ACTION AGAINST TIME WARNER
## NEGLIGENT MISREPRESENTATION

89.    Defendants re-allege the above allegations by reference as if repeated herein verbatim.

90.    Time Warner falsely represented to Papercut and Lehew that they could use cable television in the building free of charge.

91.    As outlined and pleaded more fully above, Time Warner had a pecuniary interest in making this statement: It would have cost Time Warner more to install and/or repair the damaged cable equipment in the building than it could have billed Papercut for its "business class" service.

92.    As the cable provider for Papercut and/or Lehew and as an agent for the Plaintiff, Time Warner had a duty to provide Papercut and Lehew with accurate and truthful information regarding the extent and use of cable products.

93.    Time Warner breached these duties in that it told and represented to Papercut and Lehew that they could use cable when in fact they knew or reasonably should have known this was not in fact accurate.

94.    As Time Warner had installed and set up cable and cable related services for Papercut and Lehew, these Defendants justifiably relied on the representation of Time Warner.

95.    As a direct and proximate result, Papercut and Lehew have suffered a pecuniary loss.

**WHEREFORE**, Plaintiff prays for an Order from this Court dismissing Plaintiff's Complaint with prejudice, taxing Plaintiff with costs and awarding Plaintiff such additional and further relief as the Court deems just and proper.  In the alternative and if liability is found against Papercut and/or Lehew, these Defendants pray that they be indemnified by the third-party Defendants, Time Warner and Tsunami, as outlined and pleaded more fully above.

Respectfully submitted,


s/Robert D. Dodson

Robert D. Dodson
Fed. I.D. No.:  7249
LAW OFFICES OF ROBERT DODSON, P.A.
1722 Main Street, STE 200
Columbia, South Carolina 29201
Telephone: (803) 252-2600
Facsimile: (803) 771-2259
Email: rdodson@rdodsonlaw.com
Attorney for Defendants, Papercut, LLC and Josh Lehew

March 7, 2012

Columbia, South Carolina