UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., | C/A No.: 3:11-cv-02430-JFA |
| Plaintiff, | |
| v. | |
| Papercut, LLC d/b/a Green Room Entertainment a/k/a Headliners a/k/a Element Nightlife, Davit Britt and Josh Lehew, | |
| Defendants, | |
| Papercut, LLC and Josh Lehew, | |
| Third-Party Plaintiffs, | |
| v. | |
| Time Warner Cable, Inc., Time Warner Cable I, LLC, Time Warner Cable Media, Inc., Time Warner Entertainment Company, L.P., Tsunami of Columbia, LLC, | |
| Third-Party Defendants. | |

### Answer of Third-Party Defendant Tsunami of Columbia, LLC

COMES NOW Defendant Tsunami of Columbia, LLC ("Tsunami") and responds to Defendants and Third-Party Plaintiffs Papercut, LLC and Josh Lehew's ("3P Plaintiffs") Answer, Counterclaims, and Third-Party Complaint ("3P Complaint") as follows:

### FOR A FIRST DEFENSE

1.     Paragraphs 1 through 25 of the 3P Complaint are 3P Plaintiffs' answers and defenses to the Complaint of Plaintiffs, and require no response from Tsunami. To the extent a response is required, they are denied.

1

2. In response to Paragraph 26, Tsunami restates and incorporates by reference its responses to the preceding paragraphs of the 3P Complaint as if fully set forth herein.

3. Tsunami is without sufficient information or belief to admit or deny the allegations of Paragraphs 27 through 31, and therefore denies them.

4. Tsunami denies the allegations of Paragraph 32.

5. Tsunami admits the allegations of Paragraph 33.

6. Tsunami denies the allegations of Paragraph 34.

7. Tsunami is without sufficient information or belief to admit or deny the allegations of Paragraphs 35 through 36, and therefore denies them. Further, said Paragraphs constitute conclusions of law as to which no response is required.

8. In response to Paragraph 37, Tsunami restates and incorporates by reference its responses to the preceding paragraphs of the 3P Complaint as if fully set forth herein.

9. Tsunami is without sufficient information or belief to admit or deny the allegations of Paragraphs 38 through 52, and therefore denies them.

10. In response to Paragraph 53, Tsunami restates and incorporates by reference its responses to the preceding paragraphs of the 3P Complaint as if fully set forth herein.

11. Paragraphs 54 through 66 of the 3P Complaint are additional affirmative defenses of 3P Plaintiffs, and require no response from Tsunami. To the extent a response is required, they are denied.

12. In response to Paragraph 67, Tsunami restates and incorporates by reference its responses to the preceding paragraphs of the 3P Complaint as if fully set forth herein.

13. Paragraphs 68 through 81 of the 3P Complaint are 3P Plaintiffs' counterclaims against Plaintiffs and its third-party claims against the Time Warner defendants, and require no response from Tsunami. To the extent a response is required, they are denied.

14. In response to Paragraph 82, Tsunami restates and incorporates by reference its responses to the preceding paragraphs of the 3P Complaint as if fully set forth herein.

15.     The allegations of Paragraphs 83 through 84 of the 3P Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, they are denied.

16.     Tsunami denies the allegations of Paragraphs 85 through 88.

17.     In response to Paragraph 89, Tsunami restates and incorporates by reference its responses to the preceding paragraphs of the 3P Complaint as if fully set forth herein.

18.     Paragraphs 90 through 95 of the 3P Complaint are third-party claims against the Time Warner defendants by 3P Plaintiffs and require no response from Tsunami.  To the extent a response is required, they are denied.

19.     Specifically responding to the "WHEREFORE" paragraphs of the 3P Complaint, Tsunami states that no response is necessary.  To the extent a response is required, Tsunami specifically denies that 3P Plaintiff is entitled to any relief, including, but not limited to, the specific relief requested and enumerated in the 3P Complaint.

20.     By way of further answer to the Complaint, Tsunami states that any and all allegations in the 3P Complaint that have not been expressly admitted above are hereby denied. Tsunami further requests that this Court deny 3P Plaintiffs the relief sought and dismiss the 3P Complaint in its entirety.  Tsunami has not yet had a full opportunity to conduct a reasonable inquiry into all facts underlying this lawsuit, but based upon its knowledge, information, and belief, interposes the following affirmative and other defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of the case:

## SECOND DEFENSE

21.     3P Plaintiffs fail to state a claim against Tsunami upon which relief can be granted.

## THIRD DEFENSE

22.     3P Plaintiffs' claims against Tsunami are barred, in whole or in part, by the applicable statute(s) of limitations.

**FOURTH DEFENSE**

23.   3P Plaintiffs' claims against Tsunami are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel and/or waiver.

**FIFTH DEFENSE**

24.   3P Plaintiffs' claims against Tsunami are barred because the damages suffered by 3P Plaintiffs, if any, were solely due to and caused by the negligence, carelessness, recklessness, wilfulness, and wantonness of an entity or entities other than Tsunami.

**SIXTH DEFENSE**

25.   3P Plaintiffs' claims against Tsunami are barred because even if Tsunami was negligent as alleged, which is specifically denied, the intervening and/or superseding negligence of a person(s) or entity(ies) other than Tsunami was the direct and proximate cause of the damages suffered by 3P Plaintiffs, if any.

**SEVENTH DEFENSE**

26.   3P Plaintiffs' claims against Tsunami are barred because the damages suffered by them, if any, were solely due to and caused by the sole negligence, carelessness, recklessness, wilfulness, and wantonness of the 3P Plaintiffs.

**EIGHTH DEFENSE**

27.   3P Plaintiffs' claims against Tsunami are barred or limited by the doctrine of comparative/contributory negligence because the damages, if any, suffered by 3P Plaintiffs were due to and caused, in whole or in part, by the negligence, carelessness, recklessness, wilfulness, and wantonness of 3P Plaintiffs.

**NINTH DEFENSE**

28.   3P Plaintiffs' claims against Tsunami are barred or limited due to their failure to mitigate their damages.

**TENTH DEFENSE**

29.   3P Plaintiffs are not entitled to recover attorneys' fees.

**ELEVENTH DEFENSE**

30. 3P Plaintiffs have failed to establish a basis for compensatory or punitive damages.

**TWELFTH DEFENSE**

31. 3P Plaintiffs are not entitled to recover any punitive damages to the extent prayed for in the Complaint or 3P Complaint on the grounds that any award of punitive damages as applied to the facts of this specific action would violate the constitutional rights of Tsunami under provisions of the United States Constitution, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**THIRTEENTH DEFENSE**

32. With respect to 3P Plaintiff's demand for punitive damages, if any, Tsunami specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including, but not limited to, those standards of limitation that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Phillip Morris USA v. Williams*, No. 05-1256 (U.S. Feb. 20, 2007).

**FOURTEENTH DEFENSE**

33. Tsunami reserves the right to assert additional defenses as they become known during discovery, and to amend its Answer accordingly.

WHEREFORE, having fully answered the 3P Complaint, Tsunami prays that 3P Plaintiffs' Third-Party Complaint against Tsunami be dismissed in its entirety with prejudice; that judgment be entered in favor of Tsunami; and that costs, including attorneys' fees, and such other and further relief as the Court deems just and proper be granted to Tsunami.

       S/Derek F. Dean
       Derek F. Dean #6100
       Law Offices of Simons & Dean
       147 Wappoo Creek Drive, Suite 604
       Charleston, SC 29412
       843-762-9132

       ATTORNEY FOR
       THIRD-PARTY DEFENDANT
       TSUNAMI OF COLUMBIA, LLC

April 18, 2012

Charleston, SC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document entitled Answer of Third-Party Defendant Tsunami of Columbia, LLC has been filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Plaintiff's counsel of record:

This 18th day of April, 2012

       S/Derek F. Dean
       Derek F. Dean, Esq.